Archie Washington v. The State.

*No. 7943.   Decided June 18.*

1. Practice—Reasons which will Prevent Pronouncing the Sentence—Identity of Defendant.—By subdivision 4 of article 799 of the Code of Criminal Procedure it is provided, that when a person has been convicted of a felony, escapes after conviction and before sentence, and an individual supposed to be the same has been arrested, he may, before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury as to his identity.

2. Same—Right of Appeal does not Lie from Judgment on the Issue of Identity.—In criminal cases, the right of appeal exists only where the defendant has been found and adjudged to be guilty of an offense. An appeal can only be prosecuted from a final judgment of conviction. It is clear that it is the intention of the statute (Code of Criminal Procedure, subdivision 4, article 799) that the verdict of the jury and the judgment of the trial court, upon the issue of identity shall be final and conclusive, and no appeal therefrom lies to this court.

Appeal from the District Court of Orange.   Tried below before Hon. W. H. Ford.

After having been convicted of murder in the first degree, and during the pending of his appeal from said judgment, appellant escaped from custody, and that fact being shown to the Court of Appeals, his appeal was dismissed.   Subsequently, upon his being rearrested and brought before the trial court for sentence, he denied that he was the person who had been convicted, and the issue of identity was tried before a jury, as provided by statute, and found against him.   From this verdict and judgment he attempted to prosecute this appeal.

*Bullitt & Bullitt,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was tried and convicted of murder in the first degree, and his penalty assessed at death.   From this conviction he prosecuted an appeal to the Galveston Term, 1892, of this court. Pending said appeal he effected his escape, and upon motion, filed by the Assistant Attorney-General, setting up that fact, his appeal was dismissed. Subsequently he was captured and returned to custody.   At the succeeding term of the District Court of Orange County he was brought into open court to receive the sentence of the court in accordance with the previous verdict and judgment.   In obedience to the statute, he was asked by the court if he had any reason why the sentence of law should not be pronounced against him ?   To this he replied, that he was not the party who had been convicted of said offense of murder, and whose punishment

had been assessed at death.   This suggestion was, at the time, disregarded by the court and sentence pronounced against him, but of its own motion the court immediately set aside the sentence, and on the following day impaneled a jury to try the issue thus suggested.   This issue was, upon being submitted to the jury, decided adversely to him, whereupon the court again proceeded to pronounce the sentence of the law.

To these rulings appellant excepted, and gave notice of appeal to this court, and here contends that the court was without authority to set aside the sentence first pronounced.   By the Criminal Procedure, it is provided, " When a person who has been convicted of felony escapes after conviction and before sentence, and an individual supposed to be the same is arrested, he may, before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury as to his identity."   Code Crim. Proc., art. 799, subdiv. 4.

The court was not only authorized to set aside the sentence first pronounced, but, as we understand the statute, it was obligatory upon the court to do so, and try the issue of identity, as suggested by appellant. The court, during the term at which the judgment was rendered or sentence pronounced, had authority to set aside either or both, or correct same if legal reason be shown therefor, and this rule is of universal application.   The tender of a charter of pardon granted the convicted party would avoid the sentence, if tendered under the provisions of the quoted statute, as would also the issue of insanity during such disability.   The reasons why sentence should not be pronounced upon the wrong party or an innocent party, are equally as cogent and imperative.   Courts would not be authorized to sentence the innocent for the crime of the wicked, and such a contention should not be entertained.   And should a mistake occur, it would be the duty of the trial court, upon having its attention called thereto, to correct same as speedily as possible, and this even without a suggestion on the part of defendant.   To hold otherwise would be laying down a doctrine that no court would for a moment tolerate.   Such a rule would be in direct violation, not only of the spirit and genius of our criminal jurisprudence, but antagonistic to the letter of the law itself.   The law will not tolerate the idea that the innocent should suffer for crime in any event, much less for the wrongdoing of another.   We see no error in this action of the court.   On the other hand, it was not only the correct practice, and demanded under the circumstances, but it was a bounden duty devolving upon the court, to set aside the sentence and try the issue of identity.   This action of the court was corrective of an error, and manifested the upright judge.   Ignoring and setting at naught the requirement of the statute might lead to fatal results, ending in the wrong taking of life or liberty of the innocent and unoffending citizen.

Upon the trial of identity, the jury found adversely to appellant.   A great number of witnesses were sworn, all of whom testified to their

long acquaintance with, and intimate knowledge of appellant, and his identity as the person who had been previously tried and convicted of murder. His identity was complete. Not a word of contradiction appears in the record upon this issue.

The Assistant Attorney-General, in an able motion, contends the appeal in this case is not maintainable. We think his position is correct. To our minds it is clear that it is the intention of the statute, that the verdict of the jury and the judgment of the trial court, upon the issue of identity, shall be final and conclusive. The right of appeal in criminal cases applies to convictions, and in cases where the death penalty is assessed, such appeal shall be prosecuted before sentence is pronounced. Code Crim. Proc., arts. 837, 794.

In Darnell's case this court held, that the right of appeal " exists only where the defendant has been found and adjudged to be guilty of an offense. It has been repeatedly and uniformly held, in this State, that an appeal can only be prosecuted from a final judgment of conviction, or this court could not entertain jurisdiction of the case. There is no conviction until judgment has been rendered and entered, adjudging the defendant to be guilty of an offense." Darnell v. The State, 24 Texas Ct. App., 6. See also, Pate v. The State, 21 Texas Ct. App., 191.

The defendant having once prosecuted his appeal to this court, has exhausted his rights as secured to him under the statute. As presented to us, we are of opinion that the motion must be sustained, and the appeal dismissed. But, if we felt authorized to pass upon the issues raised, and as presented to us by the record, we could not do otherwise than affirm the judgment of the trial court.

For the reasons indicated, the motion to dismiss the appeal is granted, and the appeal is dismissed.

*Dismissed.*

Judges all present and concurring.